IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEDRIC RICO,

        Plaintiff,                                No. CIV 04-0793 GGH

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,        ORDER

        Defendant.
_____/

        Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorneys' fees in the amount of $8,677.28[1] for 24.2 hours of attorney time and 11.6 hours of paralegal time devoted to the representation of plaintiff before this court. Counsel concedes this amount should be offset in the amount of $4,559.53 for fees previously awarded under EAJA.

        42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment

---

[1] Plaintiff originally requested $9,417.75, but filed an amended petition requesting $8,677.28. That filing, dated May 10, 2007, contains only one page. (Docket #18.)

1

      a reasonable fee for such representation, not in excess of 25 percent
      of the total of the past-due benefits to which the claimant is entitled
      by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

    In this case, the Commissioner withheld $9,417.75 from plaintiff's past due benefits, representing twenty-five percent thereof. Of that amount, $5,225.00 was awarded to plaintiff's counsel under § 406(a) for representation at the administrative level. Plaintiff's counsel contends this court has authority to award an amount that, when combined with the amount awarded under § 406(a), would exceed twenty-five percent of past due benefits. This contention is contrary to law. See Morris v. Soc. Sec. Admin., 689 F.2d 495 (4th Cir. 1982) (considering legislative history, although district court may not consider services rendered in administrative proceedings, court must take into account fees fixed by Commissioner and total amount cannot exceed 25%); see also Kopulos v.Barnhart, 318 F.Supp.2d 657, 661 (N.D. Ill. 2004). Thus, the maximum amount this court may award under § 406(b) is the balance of the twenty-five percent of past due benefits, equaling $4,192.75.

    Awarding $4,192.75 in attorneys' fees under § 406(b) would yield a higher attorney's fee than the result sought by plaintiff's counsel. Plaintiff's counsel concedes that if the requested amount of $8,677.28 is awarded, the EAJA fee of $4,559.53 previously awarded must be refunded to plaintiff. Under the approach urged by plaintiff's counsel, a total of $9,342.75

1  would be paid to plaintiff's counsel:  $5225 + $8677.28 - $4559.53.  However, because an award
2  of $4,192.75 is less than the EAJA fee, the smaller amount must be refunded to plaintiff.
3  Gisbrecht, 535 U.S. at 796.  Thus, plaintiff's counsel will be able to keep as a fee the $5,225.00
4  awarded under § 406(a) and the $4,559.53 awarded under EAJA for a total fee of $9,784.53.[2]
5  Plaintiff still benefits because rather than the full amount of $9,417.75 from past due benefits
6  being paid for attorneys' fees, plaintiff is out-of-pocket only $5,225.00.

7          Counsel seeks fees for 24.2 hours of attorney time and 11.6 hours of paralegal
8  time.  Based on the quality of counsel's representation and the results achieved in this case, the
9  undersigned finds the amount of hours expended to be reasonable.  If the maximum amount of
10 $4,192.75 is allowed, the hourly rate of $137.30 for attorney time and $75 for paralegal time is
11 more than reasonable.[3]  Accordingly, the undersigned will award the maximum amount allowed
12 under the statute.

13         Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded
14 $4,192.75 in attorneys' fees under 28 U.S.C. § 406(b).  This amount, being less than the amount
15 previously awarded under EAJA, shall be refunded to plaintiff.

16 DATED: 11/20/07

                                              /s/ Gregory G. Hollows
17                                               U.S. Magistrate Judge

18
19 GGH:076
   Rico0793.fee.wpd

---

[2]  In the reply, plaintiff's counsel stated the method of accounting suggested by counsel was done so as to ensure plaintiff would pay no more than 25% of past due benefits for attorneys' fees.  Plaintiff's counsel is free to refund a greater amount to plaintiff so as to ensure that this result obtains.

[3]  Plaintiff deems paralegal time to be worth half the market value of attorney time; however, for the sake of simplicity, the court has used the rate of $75 per hour.