IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEDRIC RICO,

        Plaintiff,                         No. CIV 04-0793 GGH

   vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,        ORDER

        Defendant.
                                 /

        Presently before the court is plaintiff's motion for a new hearing in regard to attorneys' fees pursuant to Fed. R. Civ. P. 59(a). Defendant has filed an opposition. On November 20, 2007, this court granted plaintiff's application for fees pursuant to 42 U.S.C. § 406(b), but awarded only $4,192.75 as opposed to the requested amount of $8,677.28. Plaintiff now seeks a new hearing, raising the perceived unfairness in the situation where an attorney represents a claimant at both the administrative level *and* the federal level, the court limits that attorney to a total maximum award of 25%, whereas an attorney who represents a claimant at either the administrative level *or* the federal level, is able to obtain 25% for work done at only one of the levels. Plaintiff contends that such an interpretation has the result of potentially creating a bifurcated plaintiff's bar because attorneys who represent claimants at both levels are

1

more limited in the fees they may obtain. Cerney Aff. at 2.

The Rule 59 motion must be filed within ten days after entry of judgment (here after the entry of the order regarding attorneys' fees). Fed. R. Civ. P. 59(e). The order was entered on the docket on November 20, 2007, but the motion was not made until December 10, 2007. Under any calculation, the motion was untimely.

To the extent that the motion could have been made pursuant to Fed. R. Civ. P 60 (b)(6), the court finds that it lacks merit.

This court is bound by Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002). "As part of its judgment, a court may allow 'a reasonable fee ... not in excess of 25 percent of the ... past-due benefits' awarded to the claimant." Id. at 795. The Supreme Court goes on to state that "[t]he prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." Id. at 795-96. "The combination of § 406(a) and § 406(b) can never exceed 25% of the retroactive benefits." Kopulos v.Barnhart, 318 F.Supp.2d 657, 661 (N.D. Ill. 2004), citing Gisbrecht, 535 U.S. at 796-96. Subdivision (a) pertains to fees for representation in administrative proceedings and subdivision (b) governs fees for representation in federal court. Id. at 660. Therefore, the court must rest on its previous ruling.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a new hearing, filed December 10, 2007, is denied.

DATED: 06/12/08

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS
U.S. Magistrate Judge

GGH:076
Rico0793.59a.wpd

2